UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| AMBER NICOLE STEWART, | CIVIL ACTION NO. 5:21-31-KKC |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

The plaintiff, Amber Nicole Stewart, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for disability insurance benefits and for supplemental security income. The Court, having reviewed the record, will affirm the Commission's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009). "A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013).

In denying Stewart's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20

C.F.R. § 404.1520(a)-(g). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Stewart, who was born in 1994, has not engaged in substantial gainful activity since October 20, 2018. (Administrative Record ("AR") at 49.)

At step two, the ALJ determined that Stewart suffers from eight severe impairments: 1) asthma; 2) major depressive disorder/adjustment disorder with depressed mood; 3) anxiety; 4) posttraumatic stress disorder; 5) obsessive compulsive disorder by report; 6) borderline personality disorder by report; 7) alcohol use disorder; and 8) cannabis use disorder. (AR at 50.)

At step three, the ALJ found that Steward does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 51.)

Before proceeding to step four, the ALJ determined that Stewart has the residual functional capacity (RFC) to perform a "full range of work at all exertional levels but with the following nonexertional limitations: she must avoid concentrated exposure to temperature extremes, humidity, wetness, and pulmonary irritants." The ALJ further determined that Stewart can: a) understand, remember, and carry out simple instructions and make simple work-related judgments; b) maintain attention and concentration to perform simple tasks on a sustained basis with normal supervision; c) perform routine repetitive work in an object focused environment; d) manage and tolerate simple changes in the workplace routine; e) adapt to the pressures of simple, routine work; and f) interact occasionally with supervisors and coworkers in a nonpublic work environment. (AR at 52.)

At step four, the ALJ determined that Stewart is unable to perform any of her past relevant work. (AR at 55.)

At step five, the ALJ determined that, considering the RFC described above and Stewart's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that she can perform and, thus, Stewart is not disabled. (AR at 56-57.)

Stewart first argues that the ALJ erred by ignoring the treatment notes of her treating physicians. Stewart points to treatment notes that document her mental health problems (DE 19-3, Mem. at 5-8.) The ALJ did, however, consider the medical evidence in the record supporting Stewart's mental health problems and recognized these problems as severe impairments. (AR at 50.) Stewart does not explain how any of the treatment notes she points to warrants an RFC any more restrictive than the ALJ found.

Next, Stewart argues that the ALJ failed to appropriately consider her testimony and that of her wife's in evaluating her symptoms and failed to "clearly set forth his reasons" for rejecting their testimony as to the severity of her symptoms. (R. Mem. at 9-12.)

However, as the ALJ's opinion sufficiently details, the ALJ appropriately evaluated the testimony in relation to "the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c)(4).

Stewart points to no testimony or medical evidence that would support greater limitations in her ability to work caused by her physical impairments than that set forth in the ALJ's RFC determination.

As to her mental impairments, the ALJ found persuasive the medical opinions that found that Stewart had moderate limitations caused by mental impairments because the opinions were "consistent with the objective medical findings in the treatment record." (AR at 55.) In contrast, the ALJ found "glaring inconsistencies" in the testimony of Stewart and her spouse when compared with the objective evidence. For example, their testimony that a therapist had prescribed a service dog for Stewart was not supported by the medical records or even by the testimony of Stewart or her spouse when subjected to further questioning on the topic. (AR at 55.) Likewise, the medical record did not corroborate the testimony of Stewart's spouse that a therapist had opined that Stewart was not able to work. (AR at 55.) Stewart points to no objective medical evidence that would support any greater limitations on her ability to work than that contained in the ALJ's RFC.

Finally, Stewart seems to argue that the ALJ should have found that she had at least one of the following limitations:

> 1) she would be "off-task" 20 percent or more of the workday due to problems with attention and concentration;
> 2) she could not manage or tolerate changes in the workplace setting, even in a simple, unskilled work environment;
> 3) she could not interact appropriately with supervisors, coworkers, or the general public;
> 4) she would routinely miss three or more days of work per month;
> 5) she would require frequent unscheduled breaks throughout the workday, in addition to normal breaks; or
> 6) she could not sit, stand and walk in combination for a full workday; or
> 7) she could not follow simple instructions and would be "off-task" for five hours a week.

Stewart points out that the Vocational Expert testified that an individual with any one of these conditions could not work. The problem, however, is that Stewart

points to no medical evidence that she has any of these limitations on her ability to work.

Accordingly, IT **IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 19) is **DENIED**;

2. The defendant's motion for summary judgment (DE 25) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

This 30th day of August, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY